THE DENVER TRAMWAY COMPANY, Plaintiff, *v.* BANKERS TRUST COMPANY, Defendant.

First Department, December 7, 1917.

**Submission of controversy — academic question — construction of trust mortgage — stipulation that parties are not to be bound by admission.**

Where parties to a submission of a controversy upon an agreed statement of facts merely ask that their respective contentions as to the construction of a trust mortgage be determined, and stipulate that none of their admissions is to affect either party or to be regarded as made except for the purpose of the submission, the court will refuse to entertain the case. The controversy must be one that might have been the subject of an action upon which judgment could be entered and the submission must state the kind of judgment to be entered.

The court will not advise attorneys as to the construction of documents except where a controversy arises out of some act done or threatened which the court would relieve a party from, or prevent.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Howard S. Robertson* [*Guy Cary* with him on the brief], for the plaintiff.

*Charles C. Deming,* for the defendant.

PAGE, J.:

The parties to this submission desire the construction of a mortgage or trust deed under which certain bonds have been issued.

The submission provides: " None of the admissions herein contained are in anywise to affect either party, or to be regarded as made, except for the purpose of this submission." A statement is made that a difference of opinion has arisen as to the construction of the mortgage or trust deed. The

final clause of the submission asks on behalf of the plaintiff that the court find and declare that the proper construction and meaning of the words in the mortgage is in accordance with its contention and that judgment be entered in favor of the plaintiff on said finding, together with the costs, and defendant prays that the court find and declare the proper construction and meaning of the mortgage to be in accordance with its contention, and that judgment be entered in favor of the defendant on such finding. This is entirely insufficient, as the controversy should be one that might have been the subject of an action upon which a judgment could be entered and the submission must state the kind of judgment to be entered. (Code Civ. Proc. § 1279.) In this case the judgment asked for is merely declaratory and does not grant any relief mandatory or prohibitory. (*Marshall* v. *Hayward*, 67 App. Div. 137.) It is no part of the duty of this court to advise attorneys as to the construction of documents, but only when the controversy arises out of some act done or threatened, which the court would relieve a party from or prevent.

The submission should be dismissed.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Submission dismissed. Order to be settled on notice.